UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN TOMAS CALLAHAN,

        Petitioner,        2:12-cv-01333-SU

        v.        FINDINGS AND
                RECOMMENDATION

MARK NOOTH,

        Respondent.

SULLIVAN, Magistrate Judge.

      Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment from the Yamhill County Circuit Court after convictions for eight counts of sexual Abuse in the First Degree. Following a jury trial, petitioner was sentenced to 75-months imprisonment on each count, with three of the sentences to run consecutively for a total sentence of 225-months of imprisonment.

      Petitioner directly appealed his convictions, Exhibits

1 - FINDINGS AND RECOMMENDATION

103 - 112, and filed a post conviction proceeding, Exhibits 134 - 138. After those appeals were denied, petitioner filed a petition under 28 U.S.C. § 2254 alleging three claims of ineffective assistance of counsel. Petition (#2). Respondent contends that petitioner's first and third grounds are procedurally defaulted and that petitioner's Ground Two was denied in a state court decision that reasonably applied federal law. Response to Petition (#21) p. 1-2.

Petitioner is represented by counsel but he has not presented any evidence or argument in support of his claims in Ground One and Three. Therefore petitioner's claim alleged Grounds One and Three are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief], and Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that habeas petitioner bears the burden of proof).

Moreover, it is uncontested and clear from the record that although petitioner alleged claims similar to those in Grounds One and Three in his petition for post-conviction relief, he did not pursue them on appeal. Therefore,

2 - FINDINGS AND RECOMMENDATION

petitioner did not "fairly present" the claims in Grounds One and Three to Oregon's highest court and that they are now procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the "fundamental fairness" exception to the exhaustion requirement. Therefore, petitioner's Grounds One and Three should be denied.

Petitioner alleges in Ground Two that his trial counsel was ineffective for failing to call Lilly Briggs as a witness. Petitioner alleges that Ms. Briggs "was at the trial and willing to testify." Petitioner further alleges that "Lilly Briggs was a witness to the alleged victim threatening to falsely accuse me of sex abuse. Lilly Briggs was also present and witnessed the illegal search and seizure of my computer." Petition (#2), p. 6.

Petitioner made a similar claim in his petition for post-conviction relief, Exhibit 116, p. 3.[1] The PCR court rejected the claim, finding that "Briggs was interviewed [and] attorney decided she had nothing helpful [and] admissible to offer." Exhibit 133. The PCR court concluded: "I do not find any inadequacy on the part of the attorney, and I do not find prejudice." Exhibit 132, p. 17.

---

[1] Although petitioner did not allege in his petition for post-conviction relief that Ms. Briggs had been present when his computer was seized. Exhibit 116, p. 3.

3 - FINDINGS AND RECOMMENDATION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322,

4 - FINDINGS AND RECOMMENDATION

351 (2003).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. <u>Id</u>.

5 - FINDINGS AND RECOMMENDATION

For the reasons set forth below, I find that the PCR court's conclusion that petitioner's trial counsel was not ineffective for failing to call Lilly Briggs as a witness was not an unreasonable application of *Strickland* and is entitled to deference by this court and correct on the merits.

At petitioner's PCR trial, petitioner offered the affidavit of Lilly Briggs. Exhibit 125, and Attachment 1 to the Petition (#2) in this case. In that affidavit, Briggs states that she was present when police seized petitioner's computer and that petitioner had revoked his consent prior to the seizure. She further states that while petitioner was visiting in her home, she overheard a dispute between petitioner and "RW" [the victim] regarding whether RW could go to see her friend Melissa. According to Briggs, RW told petitioner, "If you don't let me start seeing Melissa, I am going to school one day and tell a teacher that you are sexually abusing me." Exhibit 123. Briggs further states that RW stated that she did not care whether the allegation against petitioner was true or not, and that Melissa had given her a book about sexual abuse, and that "[t]he police always believe the little girl and not the man." *Id*.

In response, the State offered the affidavit of petitioner's trial counsel, Carol Fredrick, wherein she explained her reasons for not calling Briggs as a witness at

6 - FINDINGS AND RECOMMENDATION

trial. In summary, the affidavit states as follows: Petitioner did not tell his attorney that Ms. Briggs heard the victim state she would falsely accuse petitioner. Ms. Briggs provided counsel a written statement of various things she thought were pertinent. The written statement did not mention that she heard the victim say she would falsely accuse petitioner. Counsel's investigator interviewed all of the potential witnesses identified by petitioner, including Ms. Briggs. The investigators notes were attached to the Ms. Fredrick's affidavit. Ms. Briggs also provided Ms. Fredrick with 10 pages of notes none of which contained the information in the affidavit submitted to the PCR court. The notes demonstrate that the majority of the items in Ms. Brigg's statement to the investigator were hearsay, and inadmissible. The investigator relayed to Ms. Fredrick that Ms. Briggs was "very biased" against the victim and the victim's mother and "could actually harm petitioner's case." There was other ample evidence presented at trial that RW would get mad at petitioner about being grounded and not being able to see Melissa. Ms. Fredrick concluded that any information that Ms. Brigg's would have testified to would have been cumulative and would not have furthered the defense. Counsel "can't say that even if she would have testified as she relates in her affidavit in this post-conviction case, that it would have had

7 - FINDINGS AND RECOMMENDATION

much impact on the jury, given she was so biased against the victim and the victim's mother." The weight of the evidence was "greatly on the side of the state." Petitioner never told his attorney that he revoked his consent to search the computer and Ms. Briggs never told the investigator that petitioner revoked his consent. Ms. Briggs was present at petitioner's trial and did not approach the investigator to provide any further information. *See generally*, Exhibit 130, at p. 2-3.

Based on counsel's affidavit and the supporting notes, the PCR court rejected petitioner's claim, and implicitly rejected petitioner's evidence, i.e. Brigg's affidavit, as insufficiently persuasive. *See*, Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (holding that a state court's decision not to grant relief is tantamount to an express finding about credibility despite the absence of express credibility findings); *see also*, Culombe v. Connecticut, 367 U.S. 568, 603-04 (1961) (stating that denial of a claim "resolves all conflicts in testimony bearing on that claim").

Petitioner argues that "[t]he ultimate issue was not whether what information Briggs had provided was helpful or admissible through her testimony, it was whether counsel had enough information to determine not to call her." Brief in Support (#46), p. 17 - 18.

8 - FINDINGS AND RECOMMENDATION

If Brigg's information was not helpful or admissible through her testimony, petitioner was not prejudiced by the fact she did not testify. In addition, I find that assuming the "ultimate issue" was whether counsel had enough information to determine not to call her, I find that she did.

Petitioner's counsel had her investigator interview Ms. Briggs and reviewed the 10 pages of notes and Ms. Brigg's notes – not of which mentioned the alleged facts submitted in her affidavit to the PCR court. In addition, counsel subpoenaed Briggs to the trial and made her investigator available had Briggs wanted to inform counsel of other matters that she had not shared earlier. Moreover, the record reflects that the information contained in Briggs notes and derived from the investigator's interview consisted of either cumulative or inadmissible evidence, all of which would have amounted to little in view of the other evidence. Under these circumstances, I find that petitioner's trial counsel had sufficient information to make a reasonable decision not to interview Ms. Briggs and not to call her as a witness at trial.

The PCR court's factual findings are entitled to a presumption of correctness because petitioner has not rebutted them with clear and convincing evidence. 28 U.S.C. § 2254(d)(2) and (3e)(1). The PCR conclusion that trial counsel

9 - FINDINGS AND RECOMMENDATION

was not ineffective and that her decision not to call Ms. Briggs as a witness was not an unreasonable application of *Strickland* and is entitled to deference by this court. Moreover, I find that the PCR court decision is supported by the record and correct on the merits. Therefore, petitioner's claim in Ground Three should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days, by January 26, 2015 from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

/////

10 - FINDINGS AND RECOMMENDATION

/////

/////

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this <u>8th</u> day of January, 2015.

        /s/ Patricia Sullivan
       Patricia Sullivan
        United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION